UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| VICTORIA MOORE,<br>　　Plaintiff/Petitioner<br><br>vs.<br><br>DANIEL MOORE,<br>　　Defendant/Respondent<br><br><br>DANIEL MOORE,<br>　　Counter-Petitioner<br><br>vs.<br><br>VICTORIA MOORE, DAVID ANGELO,<br>And MICHELLE ANGELO,<br>　　Counter-Respondents | Case No. 2:23-cv-00161-cr |

### COUNTER-RESPONDENTS' ANSWER TO DEFENDANT/RESPONDENT'S COUNTER-PETITION AND THIRD-PARTY CLAIM

#### INTRODUCTION

　　This introductory paragraph is a statement of the case for which no response is required.

#### COUNTER-PETITION

　　1. Upon information and belief, admitted that Plaintiff/Petitioner left Zimbabwe with the minor child in December of 2021. The remainder of this allegation is denied.

　　2. Admitted.

1
LANCE C. SHADER, P.C. – 2 MOUNTAIN PARK PLAZA, WEST DOVER, VERMONT

3. Admitted.

4. Admitted.

5. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

**JURISDICTION**

6. Admitted.

7. Admitted.

8. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

9. Admitted that Counter-Respondents reside in Huntington, New York, and own real property in Vermont. The remainder of this allegation is denied.

**FACTS**

10. Admitted that Petitioner and Respondent separated September 28, 2021 and deny anything to the contrary. The remainder of the allegation is admitted.

11. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

12. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

13. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

14. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

15. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

16. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

17. Admitted.

18. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

19. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

20. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

21. Admitted.

22. Denied.

23. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, the same is denied.

24. Denied.

25. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

26. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

27. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

28. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

29. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

30. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

31. This allegation calls for a legal conclusion as to custody, for which no response is required. To the extent that a response is required, the same is denied. As to the allegation that Petitioner has interfered with Respondent's access to his daughter, Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

32. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, the same is denied.

33. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

34. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

35. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

36. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

37. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

38. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

39. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

40. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

41. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

42. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, Counter-Respondents have no first-hand knowledge of this allegation, therefore deny same.

43. This statement does not require a response, but to the extent one is required, the same is denied.

## COUNT I – WRONGFUL REMOVAL

44. Responded to as set forth above.

45. Admitted.

46. Admitted.

47. Admitted that the child's habitual residence was Zimbabwe at the time she was removed, but denied that the child's habitual residence is still Zimbabwe after the date of removal.

48. Denied.

49. Denied.

50. Denied.

51. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, Counter-Respondents have no first-hand knowledge of this allegation, therefore deny same.

52. Denied.

53. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, the same is denied.

54. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, Counter-Respondents have no first-hand knowledge of this allegation, therefore deny same.

55. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

56. This allegation calls for a legal conclusion for which no response is required.

57. This statement does not require a response.

58. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

59. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

60. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

61. Denied.

62. Denied.

63. Admitted.

## COUNT II – ARTICLE 18 RETURN

64. Responded to as set forth above.

65. This allegation does not require a response.

## UCCJEA DECLARATION

66. Admitted.

67. Denied.

68. Denied.

69. Admitted.

70. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

71. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

72. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

73. Admitted.

74. Counter-Respondents have no first-hand knowledge of this allegation, therefore denies same.

## NOTICE OF HEARING

75. This allegation does not require a response.

## ATTORNEY'S FEES AND COSTS INCLUDING TRANSPORTATION EXPENSES PURSUANT TO THE HAGUE CONVENTION ARTICLE 26 AND ICARA § 9007

76. Denied.

77. This allegation does not require a response.

78. This allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, the same is denied.

## AFFIRMATIVE DEFENSES

1. Implied consent / acquiescence by Defendant/Respondent by non-action. *Hague Convention, Article 13(a)*.

2. Tolling of the one-year period.

3. Removal of the minor child was not wrongful.

4. The removal and retention of the minor child was not in breach of the custody rights under the foreign country's law. *Hague Convention, Article 3*.

5. The defendant/respondent was not exercising custody rights at the time of the removal or retention.

6. Returning the child would present a grave risk of harm. *Hague Convention, Article 13(b)*.

7. Estoppel.

8. Duress.

9. Laches.

## NOTICE OF RAISING AN ISSUE UNDER FOREIGN LAW

Notice is hereby given that Counter-Respondents intend to raise issues about a foreign country's law pursuant to Rule 44.1 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff/Petitioner respectfully requests the following relief:

A. That Defendant/Respondent's Counter-Petition for Return of the Child to Zimbabwe be denied;

B. That Defendant/Respondent's third-party claims against Counter-Respondents be denied;

C. That Defendant/Respondent's claim for attorney's fees, costs, travel expenses and all other out-of-pocket expenses be denied;

D. That the Court enter an order granting Counter-Respondents their reasonable attorney's fees and costs; and,

E. That the Court grant any other relied as shall be appropriate and just.

Respectfully submitted, this 12th day of September, 2023.

For the Counter-Petitioners:

Lance C. Shader, Esq.
Vermont Bar No. 1144
PO Box 2389
West Dover, VT 05356
(802) 464-5676
shaderlaw1@gmail.com