U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 SEP 25 PM 4: 03

CLERK

BY LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DANIEL MOORE, )
)
Counter-Petitioner, )
)
v. )      Case No. 2:23-cv-00161
)
VICTORIA MOORE, )
)
Counter-Respondent. )

**ENTRY ORDER GRANTING COUNTER-PETITIONER'S REQUEST
FOR PROVISIONAL RELIEF**
(Doc. 14)

Pending before the court is Counter-Petitioner Daniel Moore's motion for provisional relief under 22 U.S.C. § 9004. Counter-Petitioner requests the court order visitation with his child, L.M.

In support of the motion, Counter-Petitioner asserts that he has not seen L.M. in person since Counter-Respondent removed her from Zimbabwe in December 2021. Counter-Petitioner asserts that he has not seen L.M. on a video call in approximately three months.

"The Convention on the Civil Aspects of International Child Abduction [the "Hague Convention"], done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights." 22 U.S.C. § 9001(a)(4). A federal court has the authority to impose "measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

The Hague Convention provides remedies beyond orders requiring the return of a child. *See* 22 U.S.C. § 9003(h) ("The remedies established by the [Hague] Convention

and this chapter shall be in addition to remedies available under other laws or international agreements."); *see also Ozaltin v. Ozaltin*, 708 F.3d 355, 372 (2d Cir. 2013) (concluding that there is "a federal right of action to secure the effective exercise of rights of access protected under the Hague Convention").

Because the Hague Convention authorizes federal courts to grant provisional relief in the form of visitation, because Victoria Moore consents to the same, and because the Vermont Superior Court, Family Division, has ordered visitation, the court finds no reasons for denying Daniel Moore contact with L.M.

Accordingly, Counter-Petitioner's motion for provisional relief is GRANTED. (Doc. 14.)

1. The court hereby ORDERS that Daniel Moore shall be entitled to video calls with L.M. at least twice a week, lasting at least one half an hour, commencing within the next five (5) business days, unless the parties advise the court that they have decided otherwise.

2. The court hereby ORDERS that Counter-Petitioner shall be entitled to in-person visitation with L.M. in late October 2023. This visitation shall consist of no less than a total of ten (10) hours of in-person visitation, unless the parties advise the court they have agreed to a different schedule.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __25th__ day of September, 2023.

Christina Reiss, District Judge
United States District Court

2